**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIPE DE JESUS LAMAS FLORES; EMELIA GARCIA DE LAMAS, | Nos. 05-70324 05-74221 |
| Petitioners, | Agency Nos. A077-374-934 A077-374-935 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted April 5, 2010 [**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

In this consolidated petition for review, Felipe De Jesus Lamas Flores and

Emelia Garcia De Lamas, natives and citizens of Mexico, petition for review of the

Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  _See_ Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") decision denying their applications for cancellation of removal, and denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional challenges, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review in No. 05-70324, and grant the petition for review in No. 05-74221 and remand.

We lack jurisdiction to review the BIA's determination that petitioners failed to establish the requisite hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 596 (9th Cir. 2006). Contrary to petitioners' contentions, the agency's interpretation of the hardship standard falls within the broad range of permissible interpretations of the statute. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1005-06 (9th Cir. 2003). Petitioners failed to exhaust the contention that the IJ made erroneous factual findings. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

We are in receipt of Petitioners' Re-Submission of Supplemental Documentation, which attaches a FedEx delivery record. If credited, the delivery record shows that petitioners' motion to reopen was timely received by the BIA. We remand No. 05-74221 to the BIA for further consideration of the timeliness of

petitioners' motion to reopen in light of the delivery record.  *See INS v. Ventura*, 537 U.S. 12, 17 (2002).

**In No. 05-70324:  PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**In No. 05-74221:   PETITION FOR REVIEW GRANTED; REMANDED.**